## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **LONNIE SMITH & CHERYL SMITH** : | Case No. 4:13-cv-10841-TGB-LJM |
| : | |
| : | |
| : | **Hon. Terrence G. Berg** |
| **Plaintiffs,** : | **Hon. Laurie J. Michelson** |
| : | |
| **v.** : | |
| : | |
| **NORCOLD, INC.; ALCOA, INC.; &** : | |
| **ALCOA ENERGY SERVICES, INC.** : | |
| : | |
| **Defendants.** : | |

## PLAINTIFFS' MOTION FOR SANCTIONS AND MOTION TO STRIKE DEFENDANTS' SPOLIATION DEFENSE AND CHRIS BLOOM AS A WITNESS

Plaintiffs, Lonnie Smith & Cheryl Smith (hereinafter referred to collectively as the "Plaintiffs"), by their attorneys, file this Motion for Sanctions and Motion to Strike against Norcold, Inc., Alcoa, Inc. and Alcoa Energy Services, Inc. (hereinafter referred to collectively as the "Defendants") for Defendants' failure to respond to discovery and abide by this Court's Orders asking this Court to sanction Defendants pursuant to Fed. R. Civ. P. 37. In support of its motion, Plaintiffs rely on the facts and law set forth in the attached brief.

Pursuant to E.D. Mich. L.R. 7.1(a), Plaintiffs' counsel conferred with Defendants' counsel regarding the nature of this motion and its legal basis, but did not obtain concurrence in the specific relief sought herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Lonnie Smith & Cheryl Smith request respectfully that this Honorable Court set this motion for hearing and, after said hearing, sanction Defendants Norcold, Inc., Alcoa, Inc., & Alcoa Energy Services, Inc. for their repeated failure to comply with Plaintiffs' discovery requests and failure to abide by this Court's Orders, and as part of those sanctions strike the testimony of Chris Bloom, and enter an order awarding

sanctions  by (1) Striking all late filed objections by Defendants in response to Plaintiffs' written discovery and ordering Defendants to immediately produce all non-privileged documents requested through written discovery, including the subpoena duces tecum attached to Chris Bloom's deposition notice; (2) Striking Defendants' Affirmative Defense of Spoliation; (3) Striking Chris Bloom as a Witness to testify in this case; and (4)  and awarding Plaintiffs $10,000.00 in monetary sanctions against Defendants for reasonable attorneys' fees, costs, expenses, and expert costs in preparing and taking the deposition of Chris Bloom.

Respectfully submitted,

 /s/  Bradley L. Leger                          
Bradley L. Leger (TSB#24039899)
Email: bleger@legeradkins.com
Pierce M. Adkins (TSB#24043524)
Email: pmadkins@legeradkins.com
LEGER ADKINS, LLP
The Bellevue Tower
2323 S. Shepherd Dr., Suite 915
Houston, Texas 77019
(713) 574-5558
(713) 574-1894 (facsimile)

AND

Barry J. Goodman (P29906)
Email: bgoodman@goodmanacker.com
Larry R. Maitland II (P65363)
Email: lmaitland@goodmanacker.com
GOODMAN ACKER P.C.
17000 West Ten Mile, Second Floor
Southfield, Michigan 48075
(248) 483-5000
(248) 483-3131 (facsimile)

**ATTORNEYS FOR PLAINTIFFS
LONNIE & CHERYL SMITH**

Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation  Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LONNIE SMITH & CHERYL SMITH** | : | **Case No. 4:13-cv-10841-TGB-LJM** |
| | : | |
| | : | |
| | : | **Hon. Terrence G. Berg** |
| **Plaintiffs,** | : | **Hon. Laurie J. Michelson** |
| | : | |
| **v.** | : | |
| | : | |
| **NORCOLD, INC.; ALCOA, INC.; &** | : | |
| **ALCOA ENERGY SERVICES, INC.** | : | |
| | : | |
| **Defendants.** | : | |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS & MOTION TO STRIKE DEFENDANTS' SPOLIATION DEFENSE AND CHRIS BLOOM AS A WITNESS

## TABLE OF CONTENTS

STATEMENT OF ISSUE(S) PRESENTED ....................................................... iii

CONTROLLING AUTHORITY ..................................................................... iv

I. INTRODUCTION ........................................................................................ 1

II. FACTS ...................................................................................................... 2

    A.    Defendants' Repeatedly Failed To Properly Respond & Supplement Responses to Written Discovery & Failed to Disclose Fact Witnesses and Other Discoverable Information through Initial Disclosures ....................................................... 2

    B.    Defendants' Failed to Abide by this Court's Scheduling Order and Failed to Abide by this Court's Order for the Deposition of Chris Bloom ................................. 5

    III. ARGUMENT ...................................................................................... 13

    A.    Plaintiffs are Entitled to Sanctions Under Federal Rule of Civil Procedure 37 for Defendants' Failure to Disclose Information & Respond to Written Discovery in this Case .. 13

    B.    Defendants' Repeated and Ongoing Refusals to Abide by the Court's Orders Warrants Dismissal of their Affirmative Defense of Spoliation  under Federal Rule of Civil Procedure 41(b) and Warrants Exercise of the Court's Inherent Powers to Impose Sanctions. 16

    REQUEST FOR RELIEF ............................................................................ 21

## <u>STATEMENT OF ISSUE(S) PRESENTED</u>

DOES DEFENDANTS FAILURE TO TIMELY RESPOND AND SUPPLEMENT RESPONSES TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS AND REPEATED FAILURE TO ABIDE BY THIS COURT'S SCHEDULING ORDER AS WELL THIS COURT'S ORDER TO PRODUCE CHRIS BLOOM FOR DEPOSITION CONSTITUTE SANCTIONABLE CONDUCT AND, IF SO, SHOULD THIS COURT DEEM DEFENDANTS' OBJECTIONS WAIVED, STRIKE THE TESTIMONY OF CHRIS BLOOM, AND AWARD MONETARY SANCTIONS TO PLAINTIFFS?

## CONTROLLING AUTHORITY

Plaintiffs rely primarily on Federal Rule of Civil Procedure 37(a), Rule 37 (b)(2) and 41(b). A federal court's power to impose sanctions may derive from its inherent powers or from one of many statutes and federal rules. Defendants' misconduct is sanctionable under Federal Rule of Civil Procedure 37; Rule 41(b), (c); Rule 56(h); and under the Court's inherent power to impose sanctions. The misconduct of counsel is also sanctionable under Federal Rule of Civil Procedure 26(g); Rule 37(c); Rule 41(b), (c); Rule 56(h); 28 U.S.C. § 1927; and under the Court's inherent power to impose sanctions. Several of these authorities provide for dismissal as a sanction.

# I. INTRODUCTION

Throughout this lawsuit and continuing to the present day, Defendants Norcold, Inc., Alcoa, Inc., and Alcoa Energy Services, Inc. have engaged in a pattern of bad faith behavior and stubborn refusal to abide by the Federal Rules of Civil Procedure and the Orders of this Court. Despite being ordered by the Court several times to cooperate in discovery, Defendants persist to this day in refusing to produce discoverable evidence. Continuing refusals to cooperate fully in the discovery process has unfortunately forced Plaintiff to now seek Sanctions against Defendants. Through repeated delays, discovery abuses and dishonesty, Defendants have wasted Plaintiffs' time and the time of this Court. The record of misconduct has become so long that it now becomes necessary to file this Motion for Sanctions and Motion to Strike to flesh out this record of abuse by Defendants.

## II. FACTS

Plaintiffs brought this lawsuit against Norcold, Inc., Alcoa, Inc., and Alcoa Energy Services, Inc. ("Defendants") after a Norcold Model 462 refrigerator ignited and caught fire causing the destruction of Plaintiff's barn and contents due to a defective gas combination control valve contained in the refrigerator. Throughout this case, Defendants have repeatedly failed to disclose information, failed to timely respond and supplement responses to written discovery and refused to obey court orders.

A.  *Defendants' Repeatedly Failed To Properly Respond & Supplement Responses to Written Discovery & Failed to Disclose Fact Witnesses and Other Discoverable Information through Initial Disclosures*

Every single response and objection to Plaintiffs' written discovery has been filed late in this case and Defendants' initial disclosures are materially deficient, which has severely prejudiced Plaintiffs. Defendants have failed to timely respond to each and every one of Plaintiffs' discovery written requests within thirty (30) days, as required by Rules 33(b)(2) and 34(b)(2)(A) as follows:

(1) Plaintiff's First Requests for Production were served on Defendants NORCOLD, INC.; ALCOA, INC, and ALCOA ENERGY SERVICES, INC. on September 11, 2013 and Defendant's responses and objections were due no later than October 14, 2013.[1] Defendants' Responses and Objections to Plaintiff's First Requests for Production were served on Plaintiffs on November 14, 2013.[2] Defendant NORCOLD, INC. has failed to respond.

(2) Plaintiff's First Set of Interrogatories to ALCOA, INC and ALCOA ENERGY SERVICES, INC. were served on Defendants on October 3, 2013 and Defendant's answers and objections were due no later than November 5,

---

[1] (*See* Plaintiffs' First Request for Production to Defendants Norcold, Inc., Alcoa, Inc. and Alcoa Energy Services, Inc. attached hereto and incorporated herein as **Exhibit 1**)

[2] (*See* Defendants' ALCOA, INC, and ALCOA ENERGY SERVICES, INC. Responses and Objections to Plaintiff's First Requests for Production, attached hereto and incorporated herein as **Exhibit 2**).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 2

2013.[3]  Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories were served on Plaintiffs on November 14, 2013.[4]

(3) Plaintiff's Second Requests for Production to NORCOLD, INC.; ALCOA, INC, and ALCOA ENERGY SERVICES, INC.  were served on Defendants on October 4, 2013 and Defendant's ALCOA, INC, and ALCOA ENERGY SERVICES, INC. answers and objections were due no later than November 6, 2013.[5]  Defendants' Responses and Objections to Plaintiff's Second Requests for Production were served on Plaintiffs on November 14, 2013.[6]  Defendant NORCOLD, INC. has failed to respond.[7]

(4) Plaintiff's First Requests for Admission were served on Defendants ALCOA, INC, and ALCOA ENERGY SERVICES, INC. on October 4, 2013 and Defendant's answers and objections were due no later than November 6, 2013.[8]  Defendants' Responses and Objections to Plaintiff's First Request for Admission were served on Plaintiffs on November 14, 2013.[9]

Defendants Alcoa, Inc. and Alcoa Energy Services, Inc. indicated they would produce documents responsive to Plaintiff's First Request for Production Nos. 1, 4,8,9,-15,177,21,24,25,26,27,44-48,50-75,77,79,80,81,83,84,85,86,87-90.  Defendants also indicated that they would produce documents responsive to Plaintiff's Second Request for Production Nos. 1,4-9, 12, 13, 16-25, 28, 29, 33, 35, 36, 39, 41, 42, 50 ,51, 54, 56, 57-59, 61, 68, and 69. Nevertheless, very few documents have been forthcoming as a supplementation to Defendants' responses to these requests despite repeated demands for same. Furthermore, those documents Defendants' actually produced in this case are in no discernable order and are clearly neither

---

[3] (*See* Plaintiff's First Set of Interrogatories to Defendants Alcoa, Inc. and Alcoa Energy Services, Inc., attached hereto and incorporated herein as **Exhibit 3**).

[4] (*See* Defendants' Alcoa, Inc., and Alcoa Energy Services, Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories, attached hereto and incorporated herein as **Exhibit 4**).

[5] (*See* Plaintiff's Second Requests for Production to Defendants Norcold, Inc., Alcoa, Inc. and Alcoa Energy Services, Inc., attached hereto and incorporated herein as **Exhibit 5**).

[6] (*See* Defendants' Responses and Objections to Plaintiff's Second Requests for Production, attached hereto and incorporated herein as **Exhibit 6**).

[7] To date, Defendant Norcold, Inc. has likewise failed to respond to Plaintiff's Third Request for Production on Norcold, Inc. served on February 7, 2014.

[8] (*See* Plaintiff's First Requests for Admission Defendants Alcoa, Inc. and Alcoa Energy Services, Inc., attached hereto and incorporated herein as **Exhibit 7**).

[9] (*See* Defendants' Responses and Objections to Plaintiff's First Requests for Admission Defendants Alcoa, Inc. and Alcoa Energy Services, Inc., attached hereto and incorporated herein as **Exhibit 8**).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 3

produced organized and labeled to correspond to categories in the requests nor as were they produced as they are kept in the ordinary course of business.

Additionally, Defendants' initial disclosures are "materially deficient." Specifically, all Defendants herein have failed to (1) identify the actual addresses and telephone numbers of the individuals likely to have discoverable information, or identify the subjects of that discoverable information, as required by Rule 26(a)(1)(A)(i); (2) provide a copy or description of all documents in Defendants control that supported Defendants claims, as required by Rule 26(a)(1)(A)(ii).[10] For instance, Defendants failed to disclose persons likely to have knowledge of discoverable information and the subject of that information as set forth in Alcoa, Inc. and Alcoa Energy Services, Inc. v. Delta (Springbok) France, S.A. f/k/a Sourdillon S.A, et al.[11] in which Defendants' sought to recover millions of dollars in damages for losses incurred due to the defective valves paid out to customers suffering fire damage caused by defective refrigerators that were the subject of the same recall as the defective refrigerators in the present case.[12] Only after an extensive search of the record in that case was counsel for Plaintiff able to locate those persons with knowledge of discoverable information, such as Pam Leyden, William J. Wyrick, Michael D. Scott, Michael M. Mohajery, Carol A. Szymanski, Greg Williams, and Richard O.

---

[10] (*See* Defendants Alcoa, Inc. and Alcoa Energy Services, Inc.'s Initial Disclosures, attached hereto and incorporated by reference herein as **Exhibit 9**; *see also* Defendants Norcold, Inc.'s Initial Disclosures, attached hereto and incorporated herein as **Exhibit 10**).

[11] *See* Civil Case File No. 3:07-cv-0274-MRM; Alcoa, Inc. and Alcoa Energy Services, Inc. v. Delta (Springbok) France, S.A. f/k/a Sourdillon S.A, et al.; In the United States District Court for the Southern District of Ohio, Western Division.

[12] *See* Plaintiffs' (Alcoa, Inc. and Alcoa Energy Services, Inc.) Amended Complaint (Document #12) in Civil Case File No. 3:07-cv-0274-MRM; Alcoa, Inc. and Alcoa Energy Services, Inc. v. Delta (Springbok) France, S.A. f/k/a Sourdillon S.A, et al.; In the United States District Court for the Southern District of Ohio, Western Division.

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 4

Lewis.[13] Furthermore, as set forth below, Defendants have also failed to provide all documents that support their defenses, including claims of spoliation.

Plaintiffs attach to this motion correspondence with counsel for Defendants showing repeated demands for Defendants to cure the deficiencies in their disclosures and respond and supplement responses to Plaintiffs' written discovery requests.[14] Despite repeated demands on Defendants, Defendants have refused to cure those deficiencies in their initial disclosures and properly respond to written discovery.

**B.      *Defendants' Failed to Abide by this Court's Scheduling Order and Failed to Abide by this Court's Order for the Deposition of Chris Bloom***

Defendants have not only neglected to properly disclose discoverable information pursuant to their Initial Disclosures and respond to Plaintiffs' written discovery, but Defendants have also failed to abide by both this Court's Scheduling Order and this Court's Order to produce Chris Bloom for deposition concerning Defendant's spoliation allegations.

Defendants' blatantly ignored the deadline set forth in the Scheduling Order for filing the parities' Witness Lists. This Court ordered that the Parties file their Witness Lists by March 4, 2014 pursuant to the Court's Scheduling Order entered on record in this case about July 16, 2013.  Defendants' filed their Witness Lists almost a week late on March 10, 2014.[15]

---

[13] Plaintiffs' located numerous documents that remain undisclosed in this case identifying individuals undisclosed by Defendants to date such as correspondence and other discoverable documents between these individuals (Document #85-5) as well as Alcoa, Inc. and Alcoa Energy Services, Inc.'s Expert Report of Richard O. Lewis asserting refrigerators such as the one at issue in this case contain are defective and pose a significant risk of fire (Document #2-4) in Civil Case File No. 3:07-cv-0274-MRM; Alcoa, Inc. and Alcoa Energy Services, Inc. v. Delta (Springbok) France, S.A. f/k/a Sourdillon S.A, et al. Many of these documents have yet to be provided in the present case.

[14] (*See* Plaintiffs' Demands Regarding Discovery to Counsel for Defendants, attached here to and incorporated by reference herein as **Exhibit 11**).

[15] (*See* Defendants Norcold, Inc., Alcoa, Inc. and Alcoa Energy Services, Inc.'s Witness Lists, attached hereto and incorporated by reference herein as **Exhibit 12**).

---

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 5

Defendants additionally failed to produce Chris Bloom for deposition regarding allegations of spoliation made by him as their **<u>sole</u>** spoliation witness by concealing testimony and documents negating their claim of spoliation. This Court Ordered that Defendants produce Chris Bloom for deposition at the Parties' Telephonic Status Conference on or about October 30, 2013 due to the Defendants' prior failure to produce Chris Bloom for deposition to allow Plaintiff's the opportunity to inquire further into Defendant's claims of spoliation.[16] In proceeding with the deposition, Plaintiffs were to ascertain those documents and other information on which Defendants sole witness concerning their spoliation claims based his assertion that evidence had been spoiled.[17]

After numerous attempts to obtain dates for the deposition of Chris Bloom as ordered by this Court,[18] the Parties subsequently agreed[19] to the date of February 3, 2014 for the deposition of Chris Bloom and Plaintiffs' noticed Mr. Bloom's deposition on January 15, 2014.[20] Both the deposition notice and ***subpoena duces tecum*** were served on counsel for Defendants, and were subsequently provided to Mr. Bloom.[21] Despite receiving nearly three (3) weeks' notice of the agreed date for the deposition, Defendants did not timely file a Motion for Protection under 26(c)(1) and ask the Court for a ruling on a protective order ***prior*** to the deposition—the proper tool and method provided under the Rules.[22]

---

[16] (*See* Email Correspondence Regarding Court Ordered Deposition of Chris Bloom Regarding Spoliation Defense of Defendants, attached hereto and incorporated by reference herein as **<u>Exhibit 13</u>**).

[17] (*See* Exhibit 13; *see also* Exhibit 14)

[18] (*See* Exhibit 13)

[19] (*See* Exhibit 13).

[20] (See Deposition Notice of Chris Bloom & Subpoena Duces Tecum, attached hereto and incorporated by reference herein as **<u>Exhibit 14</u>**).

[21] (*See* Deposition Excerpts of Chris Bloom's Deposition, cited herein, attached hereto and incorporated herein as **<u>Exhibit 15,</u>** Bloom Dep. at 12:16–22).

[22] (*See* Fed. R. Civ. P. 26(c). Furthermore, Defendants' failed to file a motion to quash under Fed. R. Civ. P. 45(c)(3)(b) and Defendants' objections were to the subpoena duces tecum were not served on Plaintiffs' counsel within 14 days after service of the subpoena under Fed. R. Civ. P. 45(c)(2)(B))

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 6

Counsel for Plaintiffs traveled over 2,000 miles to depose Chris Bloom at his deposition on February 3, 2014 in Medford, Oregon pursuant to this Court's Order on October 30, 2013.[23] The deposition was taken at the Courtyard Medford Airport Hotel and Plaintiffs' counsel (Bradley L. Leger and Pierce M. Adkins) traveled the night before so as to be able to start the deposition at 10:00 a.m.[24] Plaintiffs' counsel spent significant amount of time preparing and traveling to take deposition of Chris Bloom at significant cost.

Mr. Bloom understood that this was a court-ordered deposition.[25] Nevertheless, despite receiving a copy of the subpoena duces tecum served on Defendants' counsel along with the deposition notice;[26] he was instructed by Defendants not to bring any documents to the deposition.[27] Furthermore, he only spent about thirty (30) minutes preparing for his deposition and *was unable to answer critical questions regarding Defendants' allegations of spoliation*.[28]

With respect to his receipt and review of the subpoena duces tecum prior to the deposition, Mr. Bloom testified as follows:

```
16   But for the ladies and gentlemen of the jury,
17   you received this subpoena last week and you had it in your
18   hands and you read it last week; did you not?
19        A.   I received a copy of it and I did read that
20   there was a subpoena in place, at which point I did not open
21   up the attachments, I contacted counsel and counsel
22   instructed me that it was not a valid subpoena in this
23   state, it has to be hand-process served.[29]
```

…

---

[23] (*See id.*, Bloom Dep. at 6:1-5).

[24] (*See id.*)

[25] (*See id.*, Bloom Dep. at 9:19-25).

[26] (*See id.*, Bloom Dep. at 12:16-22 (stating *"I received a copy of the entire subpoena via e-mail, sir yes"*)).

[27] (*See id.*, Bloom Dep. at 10:17–14 (emphasis added)).

[28] (*See id.*, Bloom Dep. at 44:22-24).

[29] (*See id.*, Bloom Dep. at 59:16-23 (emphasis added)).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 7

> 9   *Your lawyer sitting across this table gave you*
> 10  *a copy of plaintiff's notice of oral deposition of Chris*
> 11  *Bloom and the attached subpoena duces tecum list a week*
> 12  *before this deposition; correct?*
> 13      A.   *About a week before, yes.*[30]

While inquiring as to past testimony, Mr. Bloom again testified that he had been instructed not to bring documents to his deposition as follows:

> 7       Q.   Do you have a list of your depositions and
> 8   testimony?
> 9       A.   Yes, I do.
> 10      *Q.   Can I have that, please?*
> 11      *A.   I don't have that with me.*
> 12      Q.   Why did you not bring that with you today?
> 13      A.   Again, *I was just advised to show up, sir.*[31]

While inquiring as to witness bias and past testimony for Defendants, Mr. Bloom testified that he did not review any case files as follows:

> 23      Q.   *Okay.  You did not review any case files*
> 24  *before you came here today?*
> 25      *A.   No.*[32]

While inquiring as to those photographs taken by him serving as a basis of his allegations of spoliation, Mr. Bloom testified as follows:

> 22  Q.   So you did in fact go out to Michigan to
> 23   inspect evidence in this case.
> 24      MR. SCHALK:  Asked and answered.
> 25      THE WITNESS:  As I mentioned, I went out to Michigan[33]
> 1   to document the evidence that plaintiffs had in their
> 2   possession.
> 3   BY MR. LEGER:
> 4       Q.   You took photographs of that evidence?
> 5       A.   Only photographs.
> 6       Q.   *Where are those photographs?*
> 7       A.   *They are in my file.*

---

[30] (*See id.*, Bloom Dep. at 59:9-13 (emphasis added)).
[31] (*See id.*, Bloom Dep. at 10:7-4 (emphasis added)).
[32] (*See id*, Bloom Dep. at 30:17-25 (emphasis added)).
[33] (*See id*, Bloom Dep. at 74:22-25 (emphasis added)).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 8

8      Q.   *You didn't bring those with you today?*
9      A.   *No.*
10      Q.   *And are you basing your allegations of*
11   *spoliation on some of the photographs that you took in this*
12   *case?*
13      MR. SCHALK:  Objection, vague and ambiguous.
14      THE WITNESS:  *Yes.*
      …
21      Q.   *Did you bring those photographs with you*
22   *today?*
23      A.   *No.*
24      Q.   *So I can't ask you questions on those*
25   *photographs, obviously; correct?* [34]
1      A.   *Correct.* [35]

While inquiring as to those documents evidencing Plaintiffs' notice of the fire incident

and initial joint inspection by the parties of the evidence as well as Defendants' and Mr. Bloom's

receipt of that notice, Mr. Bloom testified as follows:

2   Q.   We are going to go back to that in a minute.
3      Mr. Bloom, I believe you testified earlier that you
4   first became aware of this fire on March 9th, or was it
5   March 10th?  Scratch that.
6      Did you receive an e-mail on March 9th and then you
7   just did not read it until March 10?
8      A.   I received an e-mail on March 10th and I
9   didn't read it until March 11th --
10      Q.   March 11.
…
14      Q.   *Did you bring the actual e-mails that were*
15   *sent back and forth prior to the inspection in this case*
16   *between you, Tom Bailey, John Schlesman, Alan Foyt --*
17      A.  *Fogt.*
18      Q.  *Fogt, sorry -- Jackie Bligh, Farm Bureau*
19   *representatives, Michael Waite, Kerby, Bailey and Associates*
20   *representatives; did you bring any of those to your*
21   *deposition today?*
22      A.   *Nope.* [36]
      …

---

[34] (*See id*, Bloom Dep. at 75:1-14, 21-25 (emphasis added)).
[35] (*See id*, Bloom Dep. at 76:1 (emphasis added)).
[36] (*See id*, Bloom Dep. at 105:2-10, 14-22 (emphasis added)).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation
Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 9

6      Q.   You didn't review your file to look for these
7   e-mails before the deposition today?
8      A.   I did not review my file other than the
9   report, just to grab the highlights of the case, for dates,
10   times, and what happened in between.
11      Q.   *Okay.  Are you aware that in the subpoena that*
12   *your lawyer sent you, we asked for all correspondence,*
13   *communications, documents, reflecting communications of any*
14   *kind between the deponent, which is you, John Schlesman, Tom*
15   *Bailey, Jackie Bligh, Michael Waite?*
16      A.   *You asked for it, sir.*
17      *Again, I was advised that I was a fact witness in*
18   *this case.  That was part of my expert file.*
19      Q.   *So you do have these e-mails in your file?*
20      A.   *I should have most of those e-mails in my*
21   *file, sir.*[37]
      …
2      Q.   *And you didn't bring these e-mails with you to*
3   *your deposition today?*
4      A.   *No.*
5      Q.   *And you agree with me that these e-mails show*
6   *when you actually received notice of this incident; correct?*
7      A.   *The e-mails would have dates and times as far*
8   *as when I received notices, sir.*
9      Q.   Who you received the notice from; correct?
10      A.   It would have been from John Schlesman, yes.
11      Q.   *Okay.  And communications between you and Tom*
12   *Bailey; correct?*
13      A.   *Yes.*
14      Q.   *Communications between you and Farm Bureau*
15   *Insurance and Jackie Bligh; correct?*
16      A.   *Those would have the e-mail correspondence*
17   *that would not include the telephone conferences.*
18      Q.   *Of course, but e-mail correspondence; right?*
19      A.   *E-mail correspondence, yes.*
20      Q.   *E-mails would contain information about your*
21   *retention to investigate this claim, when you were retained,*
22   *and what information was provided to you weeks prior to the*
23   *actual inspection; correct?*
24      A.   It would have been two weeks prior to,
25   correct.[38]
1      Q.   *Okay.  And you didn't bring these with you*

---

[37] (*See id*, Bloom Dep. at 106:6-21 (emphasis added)).
[38] (*See id*, Bloom Dep. at 107:2-25 (emphasis added)).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation
Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 10

2   *today so I can ask you questions about it?*
3        A.   *Correct.*  Again, I was a fact witness
4   (inaudible) --
5        THE REPORTER:  Again, I was a fact witness --
6        THE WITNESS:  A fact witness designation.  I am --
7        Those are part of my expert witness file.[39]

With respect to the documentation of conversations regarding the three (3) inspections of

the scene, alleged attempts at rescheduling, and Farm Bureau's control and retention of the

evidence in this case following the fire, Mr. Bloom testified as follows:

18       Q.   But you agree there was a March 25th
19   inspection?
20       A.   Yes.
21       Q.   *And you agree you were put on notice on March*
22   *11; correct?*
23       A.   *Correct*.  And I requested a delay due to
24   another inspection.
25       Q.   *Did you contact Norcold and say, hey, I'm*
1   *unavailable to attend, maybe you should send Jeff Negley*
2   *out?*
3        A.   *I had contacted John Schlesman and told him*
4   *there was an issue with the scheduling.  He said to work it*
5   *out with Tom Bailey.*
6        *Again, the content of the rest of the conversation I*
7   *know would be in my expert file but it's not here today.*
8        Q.   *Okay.  And the access to the evidence was*
9   *coordinated through Farm Bureau and Jackie Bligh; correct?*
10       A.   *For the fire scene, correct.*
11       Q.   *Yes.  And then the evidence, the RV and the*
12   *refrigerator, through the Vores?*
13       A.   *The Vores.*[40]

Throughout Mr. Bloom's deposition, Defendants counsel repeatedly lodged frivolous

objections, instructed the witness not to answer, and encouraged Mr. Bloom's obstructive and

evasive behavior. Thereafter, Mr. Bloom would pick up on counsel's willingness to obstruct the

deposition and refuse to provide non-evasive and direct answers to questions regarding spoliation

---

[39] (*See id*, Bloom Dep. at 108:1-7 (emphasis added)).
[40] (*See id*, Bloom Dep. at 136:10-25, 137:1-13(emphasis added)).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation
Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 11

issues presented because he was a "fact witness" and did not have to answer according to

Defense counsel. For example, with respect to Mr. Bloom's alleged attempts to reschedule the

joint inspection for which Defendants and Mr. Bloom received notice, he testified as follows:

> 7    Q.   *Where is the correspondence between you and*
> 8  *Jackie Bligh, Mike Waite, or anyone, for that matter, saying*
> 9  *you are available next week to inspect?*
> 10       A.   *That will be in my expert files, not in my*
> 11  *fact file.*
> 12       Q.   *And you didn't bring that with you today?*
> 13       A.   *As I said, it's not -- that's not in my fact*
> 14  *file I brought today.*
> 15       Q.   And you don't feel like that's relevant to the
> 16  spoliation issue in this case?
> 17       MR. SCHALK:  Objection.
> 18       **THE WITNESS:  Not as a fact witness**.[41]

Counsel for Defendant wrongfully obstructed Plaintiffs' ability to take a meaningful

deposition by instructing Mr. Bloom not to bring documents to his deposition because he was a

"fact witness" in this case. In this regard, Mr. Bloom testified as follows:

> 2    Q.   What are you talking about?
> 3     *I'm talking about:  Did you ever, at any time, send*
> 4  *correspondence to any of the players, saying, hey, guys, I'm*
> 5  *not available here, I'm available next week?*
> 6       A.   *As I said, that would be in my expert file,*
> 7  *not in my fact file.*
> 8       **Q.   And you didn't bring those documents with you**
> 9  **today?**
> 10       **A.   No, I was a fact witness today**.
> 11       Q.   *Okay.  Who told you you were a fact witness?*
> 12  *I'm concerned --*
> 13       A.   Plaintiffs' counsel, sir.
> 14       Q.   What plaintiffs' counsel told you that?
> 15       A.   Excuse me, let me finish.
> 16       *Brian Rohm, right after receiving a copy of the*
> 17  *subpoena*, informed me that I was a fact witness in this
> 18  case, I was being presented as a fact witness in this case.[42]

---

[41]  (*See id*, Bloom Dep. at 141:7-18(emphasis added)).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation
Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 12

As a result of the forgoing, Plaintiffs ask this Court to impose sanctions against Defendants for discovery abuse, blatant disregard for the Federal Rules of Civil Procedure in responding to initial disclosures and Plaintiffs' written discovery in this case, and violation of this Court's Scheduling Order and this Court's Order for Defendants to produce Chris Bloom for Deposition regarding allegations of spoliation asserted by Defendants.

## III. ARGUMENT

Trial courts have broad discretion in assessing appropriate sanctions for abuse of the discovery process, failure to make disclosures, violation of the Rules, and failure to abide by court orders to ensure compliance with the rules, deter future violations, and punish the culpable party for their abuse, which include preventing further discovery when appropriate, levying costs and attorney's fees associated with the abuse, deeming matters admitted against a party, and striking pleadings.[43]

### A.    *Plaintiffs are Entitled to Sanctions Under Federal Rule of Civil Procedure 37 for Defendants' Failure to Disclose Information & Respond to Written Discovery in this Case*

This Court has authority to sanction litigants for discovery abuses under Federal Rule of Civil Procedure 37. Rule 37(b)(2) provides:

> (A) For Not Obeying a Discovery Order. If a party…fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders. They may include the following:

---

[42] (*See id*, Bloom Dep. at 142: 2-18(emphasis added)). Brian Rohm is counsel for Defendants—not Plaintiffs.

[43] A federal court's power to impose sanctions may derive from its inherent powers or from one of many statutes and federal rules. Defendants' misconduct is sanctionable under Federal Rule of Civil Procedure 37; Rule 41(b), (c); Rule 56(h); and under the Court's inherent power to impose sanctions. The misconduct of counsel is also sanctionable under Federal Rule of Civil Procedure 26(g); Rule 37(c); Rule 41(b), (c); Rule 56(h); 28 U.S.C. § 1927; and under the Court's inherent power to impose sanctions. Several of these authorities provide for dismissal as a sanction.

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 13

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.[44]

Rule 37(c)(1) provides, in part, as follows:

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[45]

---

[44] Fed. R. Civ. P. 37(b)(2).
[45] Fed. R. Civ. P. 37(c)(1).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 14

Sanctions under Rule 37 (c) "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" including dismissal of the defendants' spoliation claims.[46]

In the present case, each and every response and objection by Defendants to Plaintiffs' written discovery has been filed late in this case.[47] Moreover, Defendants' initial disclosures are materially deficient.[48] Defendant's abuse of discovery has severely prejudiced Plaintiffs in the prosecution of this case in that it has been unable to obtain not only discovery pertaining to the defective product, but also it has inhibited the ability to determine the accusations of spoliation being asserted against Plaintiffs.[49] Defendants have failed to timely assert objections[50] and have failed to supplement both disclosures and discovery responses.[51] Moreover, the materials that Defendants' have actually produced in this case are in no discernable order and are clearly neither produced organized and labeled to correspond to categories in the requests nor as were they produced as they are kept in the ordinary course of business in accordance with Rule 34(b)(2)(E)(i).[52]

Plaintiffs requests that this Court impose sanctions on Defendants for their refusal to comply with Plaintiffs' written discovery requests[53] and for filing materially deficient initial

---

[46] Fed. R. Civ. P. 37(c)(1); *see also Nat'l Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639 (1976); Fed. R. Civ. P.  37(b)(2)(A)(i)-(vi)("dismissing proceedings in whole or in part").

[47] (*See* Exhibit 1 through Exhibit 8).

[48] (*See* Exhibit 9 and Exhibit 10).

[49] (*See* Defendants' Motion for Sanctions, on record in this case).

[50] (*See* Exhibit 1 through Exhibit 8).

[51] Fed. R. Civ. P. 26 (a), (e).

[52] (*See* Exhibit Plaintiffs requested an opportunity to inspect those documents produced by Defendant where they are maintained and organized. *See Pass & Seymour, Inc. v. Hubbell, Inc*., 255 FRD 331, 333-36 (N.D.NY. 2008). In the alternative to such an inspection, Plaintiffs requested that that Defendants organize, label, and if appropriate, index the documents then produce them as they are maintained. See id. at 337. No response was received from Defendants regarding this request.

[53] Fed. R. Civ. P. 37(a)(5)(A).

---

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 15

disclosures.[54] In this respect, Plaintiff respectfully ask the Court to cause Defendants to appear and show good cause as to why Defendants have not disclosed information required under Rule 26(a), Defendants responses and objections to each and every Plaintiff's written discovery requests were late, and Defendants' have failed to properly respond and/or supplement discovery responses and, if good cause is not shown, strike Defendants late filed objections entirely and compel immediate supplementation of disclosures, production of responsive documents and information, answers to interrogatories, and full responses to request for admissions. In addition, Plaintiffs asks the Court to award the least severe sanction necessary to remedy the wrong, e.g., costs and attorney fees incurred in preparing this motion,[55] which is the least severe sanction available to remedy the harm caused by Defendants Norcold, Inc., Alcoa, Inc. and Alcoa Energy Services, Inc. for such wrongful conduct throughout this case.

**B.    *Defendants' Repeated and Ongoing Refusals to Abide by the Court's Orders Warrants Dismissal of their Affirmative Defense of Spoliation  under Federal Rule of Civil Procedure 41(b) and Warrants Exercise of the Court's Inherent Powers to Impose Sanctions.***

The deposition testimony of Chris Bloom, Defendant's **sole** witness regarding Defendants' allegations of spoliation, clearly illustrates Defendants' complete failure to abide by the Federal Rules of Civil Procedure and this Court's Order to produce Mr. Bloom for deposition regarding the basis for those allegations. A person commanded to produce documents or tangible things must do so as they are kept in the usual course of business or must organize and label them to correspond with the categories  in the demand.[56] Failure by a person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of the court and

---

[54] Fed. R. Civ. P. 26 (a), (e).

[55] (*See* Affidavit of Bradley L. Leger in support of Attorney's Fees and Costs is attached hereto and incorporated herein as **Exhibit 16**).

[56] Fed. R. Civ. P. 45(d).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 16

may be punished by fine or confinement, or both.[57] Plaintiffs served a subpoena duces tecum upon Defendants along with Plaintiffs' deposition notice of Chris Bloom.[58] ***Unbelievably, Defendants failed to produce a single document responsive to Plaintiffs' document request and instead instructed Mr. Bloom not to bring any documents relevant to the spoliation issue with him to the deposition***.[59]

The failure to present a witness with the corporation's knowledge (or the failure of the witness to answer) on the topics requested (*i.e.*, spoliation) is "tantamount to a failure to appear" at the deposition.[60] Unquestionably, failure to produce a parties' sole witness at a Court ordered deposition regarding a potentially dispositive topic is an abuse of the discovery process for which severe sanctions should be imposed. Such conduct should not be tolerated by this Court and Defendants should be sanctioned accordingly.

Mr. Bloom spent only thirty (30) minutes preparing for his deposition and was completely incapable at the deposition to adequately testify due to his lack of preparation.[61] Mr. Bloom further failed to bring relevant documents to the deposition in response to Plaintiff's subpoena duces tecum and ***expressed his clear failure to recognize this Court's authority*** to compel Defendants to make him do so. Perhaps the most disturbing act of bad faith by Defendants was counsel's obstruction of the deposition by instructing Mr. Bloom that he was exempt from producing documents and testifying regarding those items in Mr. Bloom's file showing the clear lack of culpability of Plaintiff for spoliation of evidence because he was a "fact witness" thereby preventing disclosure of these materials and testimony and then turning around

---

[57] Fed. R. Civ. P. 45(g).
[58] (*See* Exhibit 15, Bloom Dep. at 59:9-13).
[59] (*See id.*, Bloom Dep. at 10:7-4, and 142: 2-18)
[60] *See United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996).
[61] (Bloom Dep. at 44:22-24).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 17

and using that deposition (void of that evidence in Mr. Blooms file favoring Plaintiff) to file a motion for sanctions requesting dismissal.[62]

Defendants' agreed to produce Mr. Bloom for deposition on February 3, 2014 following this Court's Order and Plaintiffs' relied on the representations of defense counsel in noticing the deposition of Mr. Bloom as agreed.[63] In sum, Defendants' counsel's conduct was nothing more than a desperate attempt to obstruct the deposition and prevent the witness from testifying truthfully about his lack of any personal knowledge regarding spoliation. The record shows that Mr. Bloom was entirely unprepared (and that counsel had instructed him not to answer questions) on numerous topics relevant to Defendants' allegations of spoliation, including but not limited to (1) photographs on which he basis his allegations of spoliation;[64] (2) emails related to pre suit notice of the fire;[65] (3) pre-suit notice of joint inspections of evidence and his failure to attend the joint inspection despite receiving notice of same;[66] (4) correspondence in his file regarding the possession and control of the evidence and scene.[67] Mr. Bloom entirely lacked any personal knowledge regarding these key items pertaining to control of the evidence, the state of mind of Plaintiffs, and evidence relevancy and instead repeatedly referenced that items might be in his file. Clearly, Defendants' bad faith conduct in instructing their sole witness on the purported spoliation of evidence to proceed completely unprepared to testify and the concealment of documents should not be permitted by this Court.

---

[62] The party seeking sanctions for an alleged spoliation of evidence bears the burden of proof as to three matters (1) whether the party having control over the evidence had an obligation to preserve it at the time it was destroyed, (2) whether the subject evidence were destroyed with a culpable state of mind, and (3) whether the subject evidence was relevant to the parties 'claims or defenses to the extent that a reasonable trier of fact could find that it would support that claim or defense *United States v Copeland*, 321 F3d 582, 597 (6th Cir 2003).

[63] (*See* Exhibit 13).

[64] (*See id.*, Bloom Dep. at 75:1-14, 21-25, 76:1).

[65] (*See id.*, Bloom Dep. at 106:6-21, 107:2-25, 108:1-7).

[66] (*See id*, Bloom Dep. at 136:10-25, 137:1-13).

[67] (*See id.*, Bloom Dep. at 141:7-18,144:5-10, 145:4-12).

---

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 18

With respect to Defense counsel instructing Mr. Bloom not to cooperate in providing relevant testimony regarding Defendants' spoliation claims or bring relevant documents to the deposition (effectively instructing him not to answer questions in the deposition), Rule 37 authorizes sanctions against a party for failing to comply with a court order.[68] Sanctions may include costs, expenses, and/or attorney's fees.[69]  "As a general rule, instructions not to answer questions at a deposition are improper.[70]  Counsel may instruct a deponent not to answer "only when necessary to preserve the privilege [or] enforce a limitation on evidence directed by the court . . . ."[71]  *If a question is beyond the subject matter listed in a deposition, it is still improper to instruct the witness not to answer.*[72]  The defending attorney should either object to the question on the basis that it is beyond the corporation's duty to prepare the witness or the corporation's knowledge possessed by the particular witness *and allow the witness to answer* or terminate the deposition and file a motion to terminate or limit the deposition under Rule 30(d).[73] *Even if "the question is repetitive or irrelevant, [it] is [still] not an appropriate ground for instructing a witness not to answer a question.*"[74]

Defendants' complete refusal to abide by the Federal Rules of Civil Procedure and Orders of this Court warrants the imposition of severe sanctions—dismissal of Defendants' affirmative defense of spoliation.[75] Defendants' contemptuous failure to produce Chris Bloom as ordered by this Court regarding the requested topics relevant to Defendants' spoliation

---

[68] FED. R. CIV. P. 37(b)

[69] FED. R. CIV. P. 37; Rule 41(b), (c); and  Rule 56(h).

[70] *.Paparelli v. Prudential Ins. Co. of America*, 108 F.R.D. 727, 729 (D. Mass. 1985);  Wilson v. Marin Cty. Hosp. Dist, 149, F.R.D. 553, 555 (W.D. Tex. 1993);

[71] *Dravo v. Liberty Mutual Ins. Co.*, 164 F.R.D. 70, 74 (D. Neb. 1995).

[72] *See Paparelli*, 108 F.R.D. at 727.

[73] *See Dravo*, 164 F.R.D. at 70.

[74] *Id.* (emphasis added).

[75] Fed. R. Civ. P. 37(c)(1); *see also Nat'l Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639 (1976); Fed. R. Civ. P.  37(b)(2)(A)(i)-(vi)("dismissing proceedings in whole or in part").

---

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 19

allegations and instead intentionally instructing the witness not to prepare, testify or produce documents regarding those topics have caused unfair prejudice to Plaintiffs and effectively forced Plaintiffs, at considerable costs, to conduct a deposition of Mr. Bloom in Medford, Oregon regarding subject matter on which he had very little, if any, personal knowledge. Accordingly, justice demands that sanctions be imposed against Defendants.

In this case, Defendants have refused to obey Court orders, which warrants sanctions under Rule 37(b)(2)(A). There can be no dispute that Defendants failed to provide information required under Rule 26(a), which warrants sanctions under Rule 37(c). Nor can it be disputed that Defendants failed to prepare Chris Bloom for deposition on February 3, 2014 regarding Defendant's spoliation defense and that Defendants' have intentionally concealed documents relevant to the spoliation issues by instructing Mr. Bloom not to bring those documents to his deposition, which warrants sanctions under Rule 37(d).[76] Therefore, the only question remaining is whether dismissal of the spoliation defense asserted by Defendants and the striking of Mr. Bloom to testify is warranted under the circumstances. Given the abundant evidence that Defendants' violations of multiple discovery orders were in bad faith and that lesser sanctions have not achieved the desired deterrent effect, the answer to this question is clearly "yes."

---

[76] In this regard, it should be noted that this is not the first time that Defendants have concealed documents negating the basis for a motion to dismiss this case. Defendants' used the same tactic in providing the false testimony of Kathleen Block to support Norcold, Inc.'s 12(b)(6) Motion to Dismiss. (*See* Declaration of Kathleen Block, attached to Norcold, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)(stating true and correct copy of Agreement of Purchase and Sale dated February 6, 1997 was attached to said motion, but failing to include Schedule 7.14 of that agreement pertaining to Recall Procedures stating the obligations of Norcold, Inc. with respect to recalls of products such as the refrigerator in the present case).

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 20

The record clearly demonstrates bad faith. ***Defendants have, thus far, violated every Order of this Court commanding them to do something***.[77] Mr. Bloom nor Defendants appear to recognize this Court's authority in this case and have blatantly failed to abide by this Court's orders. Costs to Depose Bloom were practically wasted due to counsels repeated instructions for him not to answer, the obstructionist nature of the deponent, and due to the fact that defense counsel told him specifically not bring any relevant documents to the Court Ordered deposition. Defendants' rely solely on assumptions made by Mr. Bloom to support their affirmative defense of spoliation, but fail to comply with this Court's Order by not producing Mr. Bloom for deposition and allowing him to discuss key documents regarding control of the evidence that was allegedly spoiled, notice of the joint pre-litigation fire cause and origin inspection and other topics related to Defendant's spoliation defense.

## **REQUEST FOR RELIEF**

Due to Defendants blatant violation of this Court's Orders and reasons above, Defendant should be sanctioned and Chris Bloom should be struck as a witness. Plaintiffs' request for sanctions against Defendants are clearly justified. Plaintiff's counsel spent significant amount of time preparing and traveling to take deposition of Chris Bloom at significant cost. Counsel traveled over 2000 miles. Mr. Bloom was completely unprepared to answer questions in reference to Defendant's spoliation defense. Plaintiffs spent valuable time preparing for Chris Bloom's deposition, flying to Medford, Oregon to take the deposition, and incurred significant expenses in taking the deposition of a witness who failed to bring relevant documents with him,

---

[77] *See* Discussion Regarding Scheduling Order (Late filing Witness List) and Order to Produce Chris Bloom for Deposition to Discuss Evidence Showing Spoliation (and telling Mr. Bloom not to bring evidence to deposition)

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 21

was unprepared, and blatantly failed to recognize the authority of this Court. In light of Defendants' outrageous conduct, this Court should:

1. Strike all objections by Defendants in response to Plaintiffs' written discovery and order Defendants to immediately produce all non-privileged documents requested through written discovery, including the subpoena duces tecum attached to Chris Bloom's deposition notice;

2. Strike Defendants' Spoliation Defense;

3. Strike Chris Bloom as a Witness; and

4. Order Defendants to pay $10,000.00 for reasonable attorney's fees and costs for the deposition of Chris Bloom, including Plaintiffs' counsel's travel costs as well the time and expenses incurred by Plaintiffs' counsel in preparing for and taking Mr. Bloom's deposition, and expert costs incurred in preparing for that deposition.

This Court ordered Mr. Bloom's deposition move forward on the issue of spoliation, but yet again Defendants failed to comply with this Court's Order in producing Mr. Bloom for deposition to discuss key documents and topics related to Defendant's spoliation defense, which clearly prejudices Plaintiffs. Defendants are relying solely on clear assumptions made by Mr. Bloom as to what was in an empty piece of sheet metal to support their affirmative defense of spoliation and are effectively preventing Plaintiffs' ability to uncover relevant evidence regarding their affirmative defense of spoliation through ongoing discovery abuse and by continuing to ignore this Court's Orders and the Federal Rules of Civil Procedure. For instance, Defendants recently late filed their witness list (due March 4, 2014), once again, violating this Court's Order and Defendant Norcold, Inc. has again has chosen to ignore Plaintiffs' written discovery requests by failing to provide timely objections or responses to Plaintiffs' Third Request for Production to Norcold, Inc.[78]

---

[78] See Plaintiffs' Third Request for Production to Norcold, Inc., attached hereto as **Exhibit 17**.

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 22

Defendants' wrongful conduct will surely continue if sanctions are not imposed. In this regard, Plaintiff asks the court to strike Chris Bloom as a witness from being called to come to trial as well as the dismissal of Defendants' affirmative defense of spoliation due to the contemptuous and continuous abuse of the Court's orders. There is a direct relationship between Defendants' conduct and this request for sanctions against Defendants. Because Defendants' conduct justifies sanctions, and because imposing sanctions against Defendants will promote future compliance with the rules, this Court should impose sanctions against Defendants.

WHEREFORE PREMISES CONSIDERED, Plaintiffs' Lonnie and Cheryl Smith respectfully request this Court sanction Defendants Alcoa, Inc., Alcoa Energy Services, Inc. and Norcold, Inc. due to their blatant violations and disregard for this Court's orders and the Federal Rules of Civil Procedure, continued discovery abuse and other reasons above by (1) Striking all late filed objections by Defendants in response to Plaintiffs' written discovery and ordering Defendants to immediately produce all non-privileged documents requested through written discovery, including the subpoena duces tecum attached to Chris Bloom's deposition notice; (2) Striking Defendants' Affirmative Defense of Spoliation ; (3) Striking Chris Bloom as a Witness to testify in this case; and (4) and awarding Plaintiffs $10,000.00 in monetary sanctions against Defendants for reasonable attorneys' fees, costs, expenses, and expert costs in preparing and taking the deposition of Chris Bloom.

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 23

Respectfully submitted,


 /s/  Bradley L. Leger

Bradley L. Leger (TSB#24039899)
Email: bleger@legeradkins.com
Pierce M. Adkins (TSB#24043524)
Email: pmadkins@legeradkins.com
Leger Adkins, LLP
The Bellevue Tower
2323 S. Shepherd Dr., Suite 915
Houston, Texas 77019
(713) 574-5558
(713) 574-1894 (facsimile)

AND

Barry J. Goodman (P29906)
Email: bgoodman@goodmanacker.com
Larry R. Maitland II (P65363)
Email: lmaitland@goodmanacker.com
Goodman Acker P.C.
17000 West Ten Mile, Second Floor
Southfield, Michigan 48075
(248) 483-5000
(248) 483-3131 (facsimile)

**Attorneys for Plaintiffs**
**LONNIE & CHERYL SMITH**

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 24

## CERTIFICATE OF SERVICE

I hereby certify that on **APRIL 1, 2014** I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following: all counsel of record; and I do hereby certify that I have cause the paper to be sent by electronic mail to the following:

/s/  Bradley L. Leger _____
Bradley L. Leger

Michael J.R. Schalk
Bryan D. Rohm
K & L GATES LLP
K and L Gates Center
201 Sixth Avenue
Pittsburgh, PA 15222
412-355-8682
Fax: 412-355-6501
Email: bryan.rohm@klgates.com


Larry W. Davidson
HARVEY KRUSE
1050 Wilshire Drive
Suite 320
Troy, MI 48084-1526
248-649-7800
Fax: 248-649-2316
Email: ldavidson@harveykruse.com

**ATTORNEYS FOR DEFENDANTS
NORCOLD, INC, ALCOA, INC &
ALCOA ENERGY SERVICES, INC.**

Brief in Support of Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Spoliation Defense and Chris Bloom as a Witness
*Lonnie Smith, et al. v. Norcold, Inc., et al.*
Page 25