**Laci Jolet**

---

| | |
|---|---|
| **From:** | Bradley Leger |
| **Sent:** | Tuesday, February 25, 2014 11:25 AM |
| **To:** | Laci Jolet |
| **Subject:** | FW: Smith v Norcold et al - hearing 10.30.13 |
| **Importance:** | High |

Save this email to CORR in smith

LEGER ADKINS, LLP

| attorneys and counselors at law

**Bradley L. Leger**
*Attorney at Law*

the bellevue tower
2323 s. shepherd dr., suite 915
houston, texas 77019

713.574.5558 - main
713.574.6671 - direct
713.574.1894 - fax
866.719.0427 - toll free

bio: www.linkedin.com/in/bradleyleger
web: www.legeradkins.com

TEXAS SUPER LAWYER - 2011, 2012, 2013

CONFIDENTIALITY NOTICE: [illegible]

IRS CIRCULAR 230 DISCLOSURE: [illegible]

**From:** Bradley Leger
**Sent:** Wednesday, October 30, 2013 11:48 AM
**To:** 'Serafin, Janet M.'; Schalk, Michael J. R.
**Cc:** Larry Davidson (ldavidson@harveykruse.com); 'Barry Goodman'; Larry Maitland; Pierce Adkins; Bradley Leger
**Subject:** RE: Smith v Norcold et al - hearing 10.30.13
**Importance:** High

Janet/Michael:

Per the Court's instructions today, please provide me with deposition dates for Chris Bloom.

Also, please respond to Plaintiffs' First Request for Production -- as responses are over 2 weeks late. In the future, please respond to discovery on the date discovery is due to avoid further complications.

Further, per the conference today with the Court, we have agreed to take the deposition of the previously noticed corporate representative in Pittsburgh, PA. However, in accordance with the Court's instructions, we expect the witness to be present and have knowledge of the matters in the notice.

tabbies PLAINTIFF'S EXHIBIT 13

As a side note, I'm hopeful that future discovery issues will be resolved without seeking Court intervention. In that spirit, I welcome you to call me anytime to discuss any issue in this case.

Thank you.

LEGER ADKINS, LLP

| attorneys and counselors at law

**Bradley L. Leger**
*Attorney at Law*

the bellevue tower
2323 s. shepherd dr., suite 915
houston, texas 77019

713.574.5558 - main
713.574.6671 - direct
713.574.1894 - fax
866.719.0427 - toll free

bio: www.linkedin.com/in/bradleyleger
web: www.legeradkins.com

TEXAS SUPER LAWYER - 2011, 2012, 2013

CONFIDENTIALITY NOTICE [illegible]

IRS CIRCULAR 230 DISCLOSURE [illegible]

**From:** Serafin, Janet M. [mailto:janet.serafin@klgates.com]
**Sent:** Tuesday, October 29, 2013 2:52 PM
**To:** Bradley Leger
**Cc:** Larry Davidson (ldavidson@harveykruse.com); 'Barry Goodman'; Larry Maitland; Pierce Adkins; Schalk, Michael J. R.
**Subject:** RE: Smith v Norcold et al

Mr. Leger:

It appears that my email below with the attachment is too large to be accepted by your email system. I will attempt to reduce the file size of the attachment so that it will go through, perhaps by breaking it in to multiple pieces. In the meantime, please see my message below.

Best,
Janet

**From:** Serafin, Janet M.
**Sent:** Tuesday, October 29, 2013 3:46 PM
**To:** 'Bradley Leger'
**Cc:** Larry Davidson (ldavidson@harveykruse.com); 'Barry Goodman'; Larry Maitland; Pierce Adkins; Schalk, Michael J. R.
**Subject:** RE: Smith v Norcold et al

Mr. Leger:

I am writing in response to your e-mail below of October 24, 2013.

Dismissal of Norcold, Inc.: Norcold, Inc. is not a proper party to this case and we request that you voluntarily dismiss it. As we noted in our prior e-mail, Norcold was a wholly owned subsidiary of Alcoa Inc. and Alcoa Energy Services, Inc. f/k/a Norcold, Inc. (collectively "Alcoa") whose assets were sold as of 1997 and, as a result, the new Norcold is no longer affiliated with Alcoa. As part of the sale, Alcoa retained certain liabilities, including defending the claims brought by the Plaintiffs in the above-referenced matter.

Recognizing your concern that an e-mail from us "stating Norcold, Inc. didn't do it is insufficient," we have attached the following document that establishes Norcold, Inc. is not a proper party to this case: Agreement of Purchase and Sale by and Among Norcold, Inc., Aluminum Company of America, *et al.* dated February 6, 1997 (the "Agreement"). Section 1.01(d) of the Agreement provides that the new Norcold, Inc. will not assume the "Excluded Liabilities," as defined therein, which includes the claims brought by Plaintiffs in the above-referenced matter. We are also willing to provide you, if necessary, with declarations from authorized representatives of Alcoa and the new Norcold, Inc. stating under penalty of perjury that: (i) Norcold, Inc. did not assume the liability underlying the claims in the this case, (ii) Alcoa assuming the liability underlying the claims in this case, and (iii) Norcold, Inc. is not a proper party. If you would like to discuss this issue in further detail, please let me know.

Deposition of Chris Bloom. As to your request to depose Chris Bloom as a fact witness, we will not produce him for deposition at this time because his deposition is barred by Fed. R. Civ. P. 26. Mr. Bloom has served as a consulting/testifying expert for Alcoa in a variety of matters. To the extent that Mr. Bloom has knowledge of any facts in relation to this or other Alcoa matters, it is solely limited to facts obtained in his role as a consulting expert for Alcoa. Therefore, his deposition is barred by Fed. R. Civ. P. 26(b)(4)(D)(ii). If Alcoa determines that Mr. Bloom or any other expert will be designated as a testifying expert, that expert will be made available for deposition in accordance with Fed. R. Civ. P. 26(b)(4)(A) at the appropriate time.

30(b)(6) Deposition of Alcoa: We received your notice of 30(b)(6) deposition directed to Alcoa and will be providing you with our responses and objections shortly. As an initial matter, consistent with the Federal Rules of Civil Procedure, the deposition of a corporation should be taken at the corporation's principal place of business. Alcoa's principal place of business is located in Pittsburgh, PA. You are free to use our offices here in Pittsburgh to have the deposition, but Alcoa will not produce its corporate representatives in Troy, Michigan pursuant to your 30(b)(6) deposition notice at this time.

Tomorrow's Hearing: We note that the Court's order regarding tomorrow's hearing requires you to initiate the call with all parties. Do you plan to set up a call-in number? I am out of the office tomorrow and my partner, Mike Schalk, who I have copied on this email, will participate in the hearing in my absence.

Best,
Janet

**From:** Bradley Leger [mailto:bleger@legeradkins.com]
**Sent:** Thursday, October 24, 2013 1:02 PM
**To:** Serafin, Janet M.
**Cc:** Larry Davidson (ldavidson@harveykruse.com); 'Barry Goodman'; Larry Maitland; Pierce Adkins; Bradley Leger
**Subject:** RE: Smith v Norcold et al
**Importance:** High

Ms. Serafin:

Thank you for the email below.

As you know, Larry Davidson has filed papers with the Court as Norcold, Inc.'s attorney (see attached). Also, Norcold, Inc. has been properly served in this matter. As such, under the FRCP, Norcold, Inc. is required to file an answer. Frankly, your email stating Norcold, Inc. didn't do it is insufficient. We fully expect Mr. Davidson, as Norcold, Inc.'s attorney, to file an answer and present his client's "employees" for deposition.

As for Chris Bloom, we would like to depose him as a fact witness only – at this time. Once again, please provide dates for his deposition.

As for Richard O. Lewis, P.E., we noticed his deposition via Larry Davidson as a courtesy to counsel. We understand from your email that you would like us to contact him directly and/or subpoena his deposition. We will proceed accordingly.

As for the 30b6 deposition, since you made no objection, I fully expect a corporate representative with knowledge of the previously produced matters to be present at his/her previously noticed deposition (see attached). We have already made arrangements for this deposition.

If you would like to discuss, please feel free to give me a call.

Thanks,

LEGER ADKINS, LLP

| attorneys and counselors at law

**Bradley L. Leger**
*Attorney at Law*

the bellevue tower
2323 s. shepherd dr., suite 915
houston, texas 77019

713.574.5558 - main
713.574.6671 - direct
713.574.1894 - fax
866.719.0427 - toll free

bio: www.linkedin.com/in/bradleyleger
web: www.legeradkins.com

TEXAS SUPER LAWYER - 2011, 2012, 2013

CONFIDENTIALITY NOTICE: [illegible]

IRS CIRCULAR 230 DISCLOSURE: [illegible]

**From:** Serafin, Janet M. [mailto:janet.serafin@klgates.com]
**Sent:** Monday, October 07, 2013 5:56 PM
**To:** Bradley Leger

**Cc:** Larry Davidson (ldavidson@harveykruse.com)
**Subject:** RE: Smith v Norcold et al

Mr. Leger:

I am writing in response to your email below of October 2, 2013 seeking an answer on behalf of Norcold, Inc. and to your September 10, 2013 letter requesting deposition dates for Allan Fogt, J. David Roberts, George Strasburg, Richard O. Lewis, P.E., and Chris Bloom (collectively, the "Potential Deponents"). As explained below, under the Federal Rules of Civil Procedure Alcoa Inc. and Alcoa Energy Services, Inc. f/k/a Norcold, Inc. (collectively "Alcoa") are not required to make the Potential Deponents available for deposition, and Norcold, Inc. (the "new Norcold") is not a proper party to this litigation. Even if new Norcold were a proper party, employees of the new Norcold and information held by the new Norcold is not under Alcoa's control.

As a threshold matter, the Potential Deponents are not parties to this action and cannot be compelled to appear for deposition by notice. *See* Fed. R. Civ. P. 30(a)(1); *In re Honda Am. Motor Co., Inc. Dealership Rel. Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996) ("Only a party to the litigation may, of course, be compelled to give testimony pursuant to a notice of deposition.").

Further, none of the Potential Deponents are current employees of Alcoa (or under its control) and, therefore, Alcoa is not obligated to produce them for deposition. *Severstal N. Am., Inc. v. N. Am. Refractories Co.*, 06-10202, 2008 WL 5235973 (E.D. Mich. 2008) (finding that company is not required to produce former employees. Instead, they must be subpoenaed to be compelled to attend a deposition).

To be clear, Norcold was a wholly owned subsidiary of Alcoa whose assets were sold as of 1997 and, as a result, the new Norcold is no longer affiliated with Alcoa. As part of the sale, Alcoa retained certain liabilities, including defending the claims brought by the Plaintiffs in the above-referenced matter. Therefore, new Norcold is not a proper party to this action. Even if new Norcold were found to be a proper party in this matter, only three of the Potential Deponents are current employees of new Norcold (Alan Fogt, J. David Roberts, and George Strasburg). Richard O. Lewis, P.E. is a former consultant to Alcoa and was never an employee of Alcoa. As you know, a non-party corporate employee (or former consultant/non-employee) cannot be compelled to attend a deposition unless subpoenaed. *See, e.g., E.E.O.C. v. Honda of Am. Mfg., Inc.*, 2:06-CV-0233, 2007 WL 682088 *2 (S.D. Ohio 2007); *Margel v. E.G.L. Gem Lab Ltd., 04 CIV. 1514 PAC HBP*, 2008 WL 2224288 *8 (S.D.N.Y. 2008) ("Employees other than officers, directors or managing agents can be deposed only by stipulation or through the use of the procedures applicable to the depositions of non-parties").

Additionally, Chris Bloom is a consulting expert retained on behalf of Alcoa in the above-referenced matter, and thus his deposition is barred by Fed. R. Civ. P. 26(b)(4)(D)(ii). If Alcoa determines that Mr. Bloom or any other expert will be designated as a testifying expert, that expert will be made available for deposition in accordance with Fed. R. Civ. P. 26(b)(4)(A) at the appropriate time.

For these and other reasons, we will not make the Potential Deponents available for deposition pursuant to your September 10, 2013 letter. Likewise, we do not believe that any additional Answer on behalf of New Norcold is appropriate or necessary, and in any event, we do not represent New Norcold on these matters.

Regards,
Janet

**From:** Bradley Leger [mailto:bleger@legeradkins.com]
**Sent:** Wednesday, October 02, 2013 11:38 AM
**To:** Bradley Leger; ldavidson@harveykruse.com; 'Carolyn Urbanik'
**Cc:** Serafin, Janet M.; 'Barry Goodman'; Larry Maitland; Pierce Adkins; Christina Phan
**Subject:** RE: Smith v Norcold et al
**Importance:** High

Larry/Janet --

We have not received an answer for Norcold. The answer we have on file states:

"Defendants Alcoa Energy Services, Inc., formerly known as Norcold, Inc. and Alcoa, Inc. (hereinafter "Alcoa"), by and through its undersigned counsel, respectfully submits this answer to Plaintiffs' Original Complaint and Jury Demand, and Affirmative Defenses...

Please formally file an answer on behalf of Norcold to avoid the filing of a Motion for Default Judgment.

If I am missing something, please contact me immediately.

Also, what is the status of obtaining deposition dates for the Alcoa/Norcold folks? I requested dates 3 weeks ago.

Thanks,

LEGER ADKINS, LLP

| attorneys and counselors at law

**Bradley L. Leger**
*Attorney at Law*

the bellevue tower
2323 s. shepherd dr., suite 915
houston, texas 77019

713.574.5558 - main
713.574.6671 - direct
713.574.1894 - fax
866.719.0427 - toll free

bio: www.linkedin.com/in/bradleyleger
web: www.legeradkins.com

TEXAS SUPER LAWYER - 2011, 2012, 2013

CONFIDENTIALITY NOTICE: [illegible]

IRS CIRCULAR 230 DISCLOSURE: [illegible]

**From:** Bradley Leger
**Sent:** Wednesday, September 11, 2013 11:58 AM
**To:** ldavidson@harveykruse.com; 'Carolyn Urbanik'
**Cc:** 'janet.serafin@klgates.com'; 'Barry Goodman'; Larry Maitland; Pierce Adkins; Christina Phan; Bradley Leger
**Subject:** RE: Smith v Norcold et al - Plaintiffs' 1st RFP to Defendants
**Importance:** High

Please see attached.

Thanks,

LEGER ADKINS, LLP

| attorneys and counselors at law

**Bradley L. Leger**
*Attorney at Law*

the bellevue tower
2323 s. shepherd dr., suite 915
houston, texas 77019

713.574.5558 - main
713.574.6671 - direct
713.574.1894 - fax
866.719.0427 - toll free

bio: www.linkedin.com/in/bradleyleger
web: www.legeradkins.com

TEXAS SUPER LAWYER - 2011, 2012, 2013

CONFIDENTIALITY NOTICE: [illegible]

IRS CIRCULAR 230 DISCLOSURE: [illegible]

**From:** Bradley Leger
**Sent:** Tuesday, September 10, 2013 2:29 PM
**To:** ldavidson@harveykruse.com; 'Carolyn Urbanik'
**Cc:** 'janet.serafin@klgates.com'; 'Barry Goodman'; Larry Maitland; Pierce Adkins; Christina Phan; Bradley Leger
**Subject:** RE: Smith v Norcold et al - depo request
**Importance:** High

Please see attached.

Thanks,

LEGER ADKINS, LLP

| attorneys and counselors at law

**Bradley L. Leger**
*Attorney at Law*

the bellevue tower
2323 s. shepherd dr., suite 915
houston, texas 77019

713.574.5558 - main
713.574.6671 - direct
713.574.1894 - fax
866.719.0427 - toll free

bio: www.linkedin.com/in/bradleyleger
web: www.legeradkins.com

TEXAS SUPER LAWYER - 2011, 2012, 2013

CONFIDENTIALITY NOTICE: This communication and attachments are confidential and intended only for use by individual or entity to which addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, be aware that any use, dissemination or disclosure, distribution, or copying of this communication or attachments is strictly prohibited. If you received this E-mail in error, please notify us immediately by replying to sender and deleting all copies of communication and attachments. Although this E-mail and any attachments are believed to be virus and defect free, it is the responsibility of recipient to ensure that it is virus free. LEGER ADKINS, LLP disclaims all responsibility for any loss or damage arising from its use. Should you have any questions about or problems with this transmission, please contact us at 713.574.5558. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by U.S. Treasury Regulations, we inform you that, unless otherwise expressly stated, any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties pursuant to U.S. law, including the Internal Revenue Code, or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

**From:** Bradley Leger
**Sent:** Tuesday, September 10, 2013 1:49 PM
**To:** ldavidson@harveykruse.com; 'Carolyn Urbanik'
**Cc:** 'janet.serafin@klgates.com'; 'Barry Goodman'; Larry Maitland; Pierce Adkins; Bradley Leger; Christina Phan
**Subject:** Smith v Norcold et al - 30b6 depo request
**Importance:** High

Please see attached.

Thanks,

LEGER ADKINS, LLP
| attorneys and counselors at law

**Bradley L. Leger**
*Attorney at Law*

the bellevue tower
2323 s. shepherd dr., suite 915
houston, texas 77019

713.574.5558 - main
713.574.6671 - direct
713.574.1894 - fax
866.719.0427 - toll free

bio: www.linkedin.com/in/bradleyleger
web: www.legeradkins.com

TEXAS SUPER LAWYER - 2011, 2012, 2013

CONFIDENTIALITY NOTICE: This communication and attachments are confidential and intended only for use by individual or entity to which addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, be aware that any use, dissemination or disclosure, distribution, or copying of this communication or attachments is strictly prohibited. If you received this E-mail in error, please notify us immediately by replying to sender and deleting all copies of communication and attachments. Although this E-mail and any attachments are believed to be virus and defect free, it is the responsibility of recipient to ensure that it is virus free. LEGER ADKINS, LLP disclaims all responsibility for any loss or damage arising from its use. Should you have any questions about or problems with this transmission, please contact us at 713.574.5558. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by U.S. Treasury Regulations, we inform you that, unless otherwise expressly stated, any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties pursuant to U.S. law, including the Internal Revenue Code, or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at janet.serafin@klgates.com.